962 F.2d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Richard Aaron MCCRAY, Defendant-Appellant.
 No. 91-5380.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 31, 1992
Decided: May 19, 1992
 
 Fred Warren Bennett, Federal Public Defender, Mary French, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Joseph L. Evans, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Richard Aaron McCray was convicted by a jury of conspiracy to use unauthorized access devices (18 U.S.C.A. § 1029(b)(2) (West Supp. 1991)), fraudulent use of unauthorized access devices (18 U.S.C.A. §§ 1029(a)(2) (West Supp. 1991) and 2 (West 1969)), and theft of mail (18 U.S.C. § 1708 (1988)). He received a sentence of eighteen months incarceration and was ordered to make restitution. We find that the sentencing court failed to make specific findings of fact as required by 18 U.S.C.A. §§ 3663, 3664 (West 1985 & Supp. 1991) (the Victim and Witness Protection Act). We therefore vacate the order of restitution and remand the case for further proceedings.
 
 
 2
 The offense involved five co-defendants, three of whom pled guilty. McCray and the last co-defendant, Jeffrey Johnson, worked at a Radio Shack store and used credit cards stolen by the others to make unauthorized purchases from Radio Shack. The items were then sold elsewhere and the profits divided. A total of $96,887.85 in unauthorized purchases were made. At his sentencing, McCray, who has attended college and had a good work record prior to this offense, agreed that some restitution was appropriate, but pointed out that his monthly cash flow in the months preceding the sentencing were less than the amount given in the presentence report, which used his gross pay rather than his net pay as a starting point.
 
 
 3
 After stating that he had looked at the information in the presentence report concerning the identities of the victims and the loss incurred, the district court found that McCray had"the ability to earn, and ... should contribute within the means available to him as directed by the probation officer." The court then sentenced McCray, and required as a condition of the three-year term of supervised release that he make restitution of the entire amount of loss "less amounts paid by co-defendants to victims of the crime in a schedule set by the probation officer, recognizing that, of course, you can only pay what circumstances permit." Defense counsel objected that McCray would not be able to pay the full amount in three years and might be found in violation of his conditions of supervised release. The court amended the order to require that McCray make restitution of the full amount less amounts paid by co-defendants, with the amounts to be paid and a schedule to be set by the probation officer "taking into account Mr. McCray's financial circumstances."
 
 
 4
 Title 18 U.S.C.A. § 3664(a) (West Supp. 1991) provides that in determining whether and in what amount to order restitution, a judge shall consider the amount of the victim's loss, the financial resources of the defendant, the financial needs and earning ability of the defendant, and any other factors the court deems appropriate. This Court has held, in United States v. Bruchey, 810 F.2d 456 (4th Cir. 1987), that a sentencing court must make explicit fact findings on these statutory factors so that the reviewing court can insure that the required determinations have been made.* We review these findings for an abuse of discretion. Bruchey, 810 F.2d at 458.
 
 
 5
 Although the district court stated that it had considered the required statutory factors, it made no specific findings except that McCray's financial circumstances would permit him to make some restitution. It left the actual decisions about what amounts should be and could be paid by McCray to be determined by the probation officer. There was no finding as what effect, if any, insurance payments might have on the actual loss to the final victim (which may be Radio Shack) or how restitution should be apportioned between McCray and Johnson or among all the defendants. The district court's factual findings were thus inadequate to permit us to review compliance with § 3664(a).
 
 
 6
 We therefore vacate the district court's order of restitution and remand for the explicit fact findings required bys 3664(a) and for the court to determine the amount of restitution to be paid by McCray in light of the Bruchey factors and in accord with § 3663.
 
 
 7
 We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 Bruchey construed 18 U.S.C.A. § 3580(a) (West 1985), since renumbered as 18 U.S.C.A. § 3664(a) (West 1985 & Supp. 1991)